# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSChambers@mdd.uscourts.gov

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
(301) 344-0627

February 25, 2025

**Via Electronic Filing**
**And First Class Mail**

**Stephan M. Ayres**
**Angela R. Ayres**
6600 Halleck Street
District Heights, MD 20747
ayres6600@yahoo.com

**Laurie G. Furshman, Esquire**
Duane Morris LLP
100 International Drive, Suite 700
Baltimore, MD 21202
LGFurshman@duanemorris.com

Re:  *Stephan M. Ayres, et al. v. PHH MC, et al.*
Case No. GLS 21-934

### LETTER ORDER AND OPINION RELATED TO THE PARTIES' SUMMARY JUDGMENT MOTIONS (COUNTS I-II)

The Court has received *pro se* Plaintiffs Stephen M. Ayres' and Angela R. Ayres' (collectively "Plaintiffs) Motion for Summary Judgment and the Motion for Summary Judgment filed by Defendants PHH Mortgage Company ("PHH"), Ocwen Loan Servicing, LLC ("Ocwen"), Hubert Paul ("Paul"), Bank of New York Mellon as Trustees for the Registered Holders of Solomon Brothers Mortgage Securities VII, Inc., Mortgage Pass-Through Certificates, Series 20001-2[1] ("BONY" and collectively "Defendants"). (ECF Nos. 91, 92). This Letter Order and Opinion only resolves those aspects of the pending cross motions for summary judgment related to Counts I-II against Defendant PHH.

In Counts I-II, Plaintiffs argue that Defendant PHH violated the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 *et seq.*; the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 *et seq.*; and the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. § 7-401 *et seq.* Specifically, Plaintiffs aver that Defendant PHH overcharged the Ayreses' escrow account from in or about 2020 to in or about 2022 by collecting from them and holding in the escrow account more than 1/12 of the annual amount authorized to be paid out for escrow items. Defendant PHH denies

---
[1] The docket sheet erroneously lists Defendant BONY as two separate defendants: (i) "Bank of New York Mellon, as Trustee for the Registered Holders of Salomon Brothers Mortgage Securities VII, Inc." and (ii) "Mortgage Pass-Through Certificates, Series 2001-2."

that its escrow calculations and billings violated the MCPA, MCDCA, and MMFPA because there is no evidence that it had the requisite knowledge of the alleged falsity of its escrow statements. The parties offer contradictory testimony on key factual issues. Such factual disputes include when Defendant PHH knew or should have known that Plaintiffs were approved for the Homeowners' Tax Credit in 2020, 2021, and 2022. This leads the Court to ponder whether, between in or about 2020 until in or about 2022, Defendant PHH knew that its escrow statements were false, or it acted "recklessly indifferent" or with "reckless disregard" as to the accuracy of the escrow statements. *See, e.g., Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 530-31 (D. Md. 2013) (quoting *Ellerin v. Fairfax Savings, F.S.B.*, 652 A.2d 1117 (Md. 1995)) (the knowledge requirement under the MMFPA is actual knowledge or "recklessly indifferent"); *see also Chavis v. Blibaum & Assoc.*, 264 A.3d 1254, 1271 (Md. 2021) (the knowledge requirement under the MCDCA is "actual knowledge or reckless disregard" (further citation omitted)).

Construing the record in the light most favorable to the nonmoving party, the Court finds that genuine disputes of material fact remain. Accordingly, Plaintiffs' Motion for Summary Judgment, (ECF No. 91), and Defendant PHH's Motion for Summary Judgment, (ECF No. 92), are both **DENIED** as to Counts I-II.[2] The Plaintiffs' sole remaining claims against Defendant PHH will be tried.

A telephonic conference is scheduled for **March 3, 2025.** Call-in information will be provided to the parties.

Although informal, this Letter Order and Opinion are considered a formal Order and Opinion of the Court, and shall be docketed as such.

/s/
The Honorable Gina L. Simms
United States Magistrate Judge

---

[2] This includes any Declaratory Judgment or Injunctive Relief claims related to Counts I-II.